CLERK, U.S. DISTRICT COURT

JUN 2 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  Vince M. Verde, Bar No. 202472
   vince.verde@ogletreedeakins.com
2  Richard Y. Chen, CA Bar No. 225392
   richard.chen@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
4  695 Town Center Drive
   Costa Mesa, CA  92626
5  Telephone:  714.800.7900
   Facsimile:   714.754.1298
6
   Attorneys for Defendant
7  Federal Insurance Company
8  Lawrence W. Freiman, Esq.
   Lawrence@freimanlaw.com
9  Michael J. Freiman, Esq.
   michael@freimanlaw.com
10 Freiman Law
   100 Wilshire Blvd., Ste. 940
11 Santa Monica, CA 90401
   Telephone: (310) 917-1024
12 Facsimile: (888) 835-8511
13 Attorney for Plaintiff,  Jeffrey Gunchick

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16

17 JEFFREY GUNCHICK,                    Case No. CV14-01162 RSWL (PJWx)

18          Plaintiff,                  Assigned to Hon. Ronald S.W. Lew

19     vs.                              **STIPULATED PROTECTIVE**
                                        **ORDER**
20 FEDERAL INSURANCE COMPANY;
   and DOES 1 through 20, inclusive,
21                                      [Concurrently filed with [Proposed]
                                        Order Granting Joint Stipulation]
22          Defendants.
                                        Removal Filed:  February 14, 2014
23                                      Trial Date:        April 21, 2015

24

25

26

27

28

18240228_1.docx

**STIPULATED PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED**, by and between Plaintiff Jeffrey Gunchick (hereinafter referred to as "Plaintiff") and Defendant Federal Insurance Company (hereinafter referred to as "Defendant"), through their respective attorneys of record, that this Court enter a Protective Order as follows:

This Stipulation and Protective Order shall be applicable to and shall apply to the production and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, request for admissions, and responses to requests for admissions, exhibits, and pleadings and all other information exchanged and furnished in this Action by the Parties that the parties customarily treat as confidential, proprietary, and/or a trade secret.

**1.   SCOPE**

(a)   The parties acknowledge that discovery may require disclosure of information that is private and personal or confidential and proprietary, specifically personnel records, personnel policies, employment offers, competitive analyses, income statements, employee, client, or customer personal information (including, but not limited to medical, age, and contact information), medical records, and financial records and statements, along with other trade secret information. As a result, the parties agree to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information. The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(b)   This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information falling with the scope of Paragraph (1)(a) and designated hereunder as "Confidential," and shall apply to:

///

18240228_1.docx

(i)     All such documents, including those produced by third parties, designated as "Confidential" in accordance with the terms of this Protective Order and the applicable legal standards;

(ii)    Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any Confidential Information;

(iii)   All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

(iv)    Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

(c)    It is the obligation of each party to designate documents, testimony, or other information as "Confidential" hereunder and assert that he or she believes in good faith that such material is Confidential Information which falls within the scope of Section (1)(a) and is not otherwise available to the public generally. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

## 2.    DESIGNATION OF DOCUMENTS AND DEPOSITIONS

(a)    Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s).  Alternatively, the parties may designate documents as "Confidential" by producing the documents with a letter designating the documents by Bates number as "Confidential."  The parties shall make all reasonable effort to designate as "Confidential" only those documents that they reasonably believe constitute personnel records, personnel policies, employment

18240228_1.docx

offers, competitive analyses, income statements, employee, client or customer personal information, medical records, financial records and statements, and trade secret information. The failure to designate documents as "Confidential" at the time of production shall not constitute a waiver of the protection of this Order and any party may, at any time up to 30 days before the actual trial date in this action, designate any documents or information produced as "Confidential" that have not as yet been so designated. Stamping the legend "Confidential" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party, but only if the entire document is produced in a bound or otherwise intact manner.

(b) Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order: the parties and their attorneys and staff, the court reporter, videographer, the deponent, and the deponent's attorney. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons are in attendance who are not entitled by this Protective Order to have access to such information. The parties may, but need not in order to designate material as Confidential Information, instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential." Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

(c) Any party may designate documents produced or portions of depositions taken as containing Confidential Information even if not initially marked

18240228_1.docx

as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other party in writing and by reproducing said documents with the required confidential designation.   Thereafter, each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any disclosure or use of such documents or transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt of such written notice.   Any person who receives actual notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "Confidential" at the time he, she, or it first received it in connection with this matter.

(d)   Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by designating documents produced or portions of depositions taken as containing Confidential Information, even if not initially marked as "Confidential," in accordance with the terms of this Protective Order and, specifically, Paragraph 2(c) above.

## 3.   LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

(a)   No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein.  In no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b)   Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person, except to:

18240228_1.docx

(i)     The parties;

(ii)    Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

(iii)   Federal Insurance Company's subsidiaries or its in-house counsel;

(iv)    Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(v)     The Court, its officers, Court reporters and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court;

(vi)    Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action; and

(vii)   Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Paragraph 3(c) immediately below.

(c)     Before any person described in Paragraphs 3(b)(iv) and (vii) receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof.  The original of each such Acknowledgment and Agreement shall be maintained by counsel and, if a witness appears at deposition or at trial and represents that he or she previously executed an Acknowledgment, it shall be produced for inspection by opposing counsel upon request.  Any counsel

18240228_1.docx

1  may require the other counsel to provide a copy of the Acknowledgment and
2  Agreement signed by a witness at a deposition before the witness is deposed with
3  regard to any Confidential Information.

4       (d)    Nothing in this Protective Order shall be construed to require execution
5  of the written Acknowledgment and Agreement referred to in Paragraph 3(c) above,
6  or to prevent disclosure of Confidential Information, by the party producing and
7  designating such Confidential Information, or by any employee of such party.

8       (e)    The substance or content of Confidential Information, as well as all
9  notes and memoranda relating thereto, shall not be disclosed to anyone other than as
10  set forth in Paragraphs 3(b)(i)-(vii) above.

11      **4.**    **FILING DOCUMENTS UNDER SEAL**

12       (a)    If a Party wishes to submit a document to the Court which the other
13  Party has designated as Confidential or which contains Confidential Information and
14  which has not been successfully challenged under Paragraph 5 below, the submitting
15  Party shall notify the Designating Party of the exact material which the Party intends
16  to submit to the Court at least 30 days prior to the date on which the Party intends to
17  make the submission, so as to provide the Designating Party sufficient time to
18  determine whether it needs to bring a motion ordering that the material be filed under
19  seal. Any such motion must comply with the procedures set forth in Local Rule 79-5
20  and must also comply with Federal Rule of Civil Procedure 26(c)(1). The written
21  application and proposed order shall be presented to the judge along with the
22  document intended to be submitted for filing under seal. The original and judge's
23  copy of the document shall be sealed in separate envelopes with a copy of the title
24  page attached to the front of each envelope. If only a portion of the document is
25  sealable, then both the copy lodged with the Clerk and the judge's copy shall have
26  the sealable portions identified by notation or highlighting of the text.

27      The Application and Order to Seal, along with the material to be placed under
28  seal, shall not be electronically filed but shall be filed manually in the manner

18240228_1.docx

Case No. CV14-01162 RSWL(PJWx)
**STIPULATED PROTECTIVE ORDER**

1  prescribed by Local Rule 79-5.   A Notice of Manual Filing shall also be
2  electronically filed, identifying all materials being manually filed.

3      (b)   Any party requesting that a record be filed under seal must comply with
4  Local Rule 79-5.  The Parties agree and recognize that Confidential Information or
5  any paper containing Confidential Information cannot be filed under seal based
6  solely upon this stipulated Protective Order.

7      **5.**    **CHALLENGE TO CONFIDENTIALITY DESIGNATION**

8      Any party that wishes to challenge the designation of a document or other
9  information as "Confidential" must identify the documents or information for which
10  it is challenging the designation no later than 30 days prior to trial.  The Designating
11  Party may, for good cause shown, bring a motion before the Court requesting that the
12  Court confirm the designation of any document or information as "Confidential."
13  The party asserting the designation as "Confidential" shall have the burden of
14  establishing good cause for the designation.  However, the Court shall be authorized
15  to award the moving party attorneys' fees as a sanction if the challenge to the
16  "Confidential" designation was made in bad faith or was frivolous, as determined
17  solely by the Court.  The interested parties or other persons shall attempt to resolve
18  such disagreements before submitting them to the Court pursuant to Local Rule 37-1.
19  Pending resolution of any dispute concerning such designation, all parties and
20  persons governed by this Protective Order shall treat all documents and information
21  previously designated as "Confidential" as protected from further disclosure by this
22  Protective Order.

23      **6.**    **SURVIVAL OF ORDER - RETURN OF DOCUMENTS**

24      (a)   The provisions of this Order shall continue in effect until otherwise
25  ordered by the Court, or after notice and an opportunity to be heard is afforded to the
26  parties to this action.  The final determination or settlement of this action shall not
27  relieve any person who has received Confidential Information or agreed to be bound
28  by the terms of this Protective Order of his, her, or its obligations under this

18240228_1.docx

stipulation and Order.   The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.   Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party confirmation representing that such return or destruction was made.

(b)   Except as provided in Paragraphs 4 or 6 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Paragraph 3 hereunder, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

## 7.   USE OF DOCUMENTS AT TRIAL

This Stipulation and Protective Order, except as provided in Paragraph 4, shall not apply to information designated or marked Confidential hereunder which is used at any hearing or trial in this action.   The parties hereby reserve their rights to use, or seek to limit the disclosure of, confidential information at any such hearing or trial.

## 8.   USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any party, person or entity of his, her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

///

///

18240228_1.docx

## 9. APPLICATIONS TO COURT

(a)    This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground, which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b)    Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c)    The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the responding person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction. In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d)    If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in Paragraph 3(c) above refuses to do so, the parties may complete the deposition on other matters and/or adjourn it and move the Court for any appropriate relief, including (without

18240228_1.docx

limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in Paragraph 3(c) above, or an order that deponent shall be bound by the terms of this Protective Order. Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

## 10.   AGREEMENT TO COOPERATE

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in Paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms). An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

## 11.   NO ADMISSIONS

Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission: (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

## 12.   NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY

Nothing in this Protective Order shall be construed as requiring disclosure of Confidential Information, including, but not limited to, materials subject to

18240228_1.docx

protection under the attorney-client privilege and/or attorney work product doctrine, the trade secrets privilege, or under any other applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is otherwise beyond the scope of permissible discovery.  Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

### 13.   DISCLOSURE IN VIOLATION OF ORDER

If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately, in writing, notify the opposing party and the Designating Party of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the Designating Party, make every effort to prevent further unauthorized disclosure.

### 14.   MODIFICATION – FURTHER AGREEMENTS

Nothing contained herein shall preclude any party from seeking from a Court modification of this Stipulated Protective Order upon proper notice, nor shall anything contained herein be construed as to preclude the parties from entering into other written agreements designed to protect Confidential Information.

///
///
///
///
///
///
///
///
///
///

18240228_1.docx

**15.   COUNTERPARTS**

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

DATED:   June 24, 2014

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

By: /s/Richard Y. Chen
     Vince M. Verde
     Richard Y. Chen

Attorneys for Defendant Federal Insurance Company

DATED:   June 24, 2014

Freiman Law

By: /s/ Lawrence W. Freiman
     Lawrence W. Freiman, Esq.
     Michael J. Freiman, Esq.

Attorneys for Plaintiff Jeffrey Gunchick

IT IS SO ORDERED.
June 25, 2014

*[signature]*

PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

18240228_1.docx

**EXHIBIT A**

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**
**AND AGREEMENT TO BE BOUND THEREBY**

I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, 20____, in the action entitled *Jeffrey Gunchick v. Federal Insurance Company,* Case No. CV14-01162 RSWL (PJWx), United States District Court, Central District of California. I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof. I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order. I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Order.

Executed this _____ day of _____, 2014 at _____

_____

Name: _____

Affiliation: _____

Address: _____

_____

Telephone Number: _____

18240228_1.docx