1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   JEFFREY GUNCHICK,              )   CV 14-1162 RSWL (PJWx)
                                    )
13                                  )   **ORDER Re: DEFENDANT**
                    Plaintiff,      )   **FIC'S  MOTION FOR**
14                                  )   **SUMMARY JUDGMENT OR, IN**
                                    )   **THE ALTERNATIVE, PARTIAL**
15        v.                        )   **SUMMARY JUDGMENT [22]**
                                    )
16                                  )
     FEDERAL INSURANCE COMPANY;     )
17   and DOES 1 through 20,         )
     inclusive,                     )
18                                  )
                                    )
19                  Defendants.     )
                                    )
20                                  )
                                    )
21                                  )
                                    )
22   _____)

23                        **I.   INTRODUCTION**

24        Currently before the Court is Defendant Federal

25   Insurance Company's ("FIC" or "Defendant") Motion for

26   Summary Judgment or, in the Alternative, Partial

27   Summary Judgment [22].  The Court, having reviewed all

28   papers and arguments submitted pertaining to this

                                    1

Motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court **DENIES** Defendant's Motion for Summary Judgment.

## II. DISCUSSION

**A.  Legal Standard**

Motion for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the opposing party.  Diaz v. American Tel. & Tel., 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case.  Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  Id. at 324.  Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary

2

judgment.  <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993) (citing <u>Marks v. Dep't of Justice</u>, 578 F.2d 261, 263 (9th Cir. 1978)).  A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [opposing party] on the evidence presented."  <u>Anderson</u>, 477 U.S. at 255.  In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists.  <u>Id.</u>

**B.  <u>Analysis</u>**

    a.  <u>Summary Judgment on the Wrongful Termination Claim</u>

    At the summary judgment stage of a claim for wrongful termination in violation of public policy, courts follow a three part burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973):

> In the first stage, the plaintiff must
> show (1) he or she engaged in a
> protected activity, (2) the employer
> subjected the employee to an adverse
> employment action, and (3) a causal
> link existed between the protected
> activity and the employer's action.
> If the employee successfully
> establishes these elements and thereby

shows a prima facie case exists, the
burden shifts to the employer to
provide evidence that there was a
legitimate, nonretaliatory reason for
the adverse employment action.  If the
employer produces evidence showing a
legitimate reason for the adverse
employment action, the presumption of
retaliation drops out of the picture,
and the burden shifts back to the
employee to provide substantial
responsive evidence that the
employer's proffered reasons were
untrue or pretextual.

*Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1109 (2007)(internal citations and punctuation omitted).  Each of the parts is discussed below.

> i.  *Has Plaintiff created a triable issue on each element of the prima facie showing?*

Defendant argues that Plaintiff has failed to state a prima facie case for wrongful termination in violation of public policy.  More specifically, Defendant argues that Plaintiff "was not performing satisfactorily as he was found to have engaged in work misconduct," and as a result, he cannot show the requisite elements of the claim.  Mot. 6:24-26. Defendant suggests that to meet his burden, Plaintiff

4

must show that (1) he was disabled; (2) he was performing satisfactorily; (3) he was subjected to an adverse employment action; and (4) circumstances suggest a discriminatory motive.  Mot. 6:19-23. Defendant's authority for this proposition is unclear in Defendant's Motion, as it is cited as "Id." but the previous citation is to Plaintiff's complaint and the citations previous to that citation are string citations.  Mot. 6:23.  The California Supreme Court in the age discrimination case Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 354 (2000), noted that for discrimination claims, "the specific elements of a prima facie case may vary depending on the particular facts" but that "generally, a plaintiff must provide evidence" of the four elements articulated above.  The California Civil Jury Instructions, however, identify the following four elements as comprising a claim for Wrongful Termination in Violation of California Public Policy: (1) Plaintiff was employed by Defendant; (2) Defendant discharged Plaintiff; (3) Plaintiff's disability was a substantial motivating reason for Plaintiff's discharge; and (4) the discharge caused Plaintiff harm.

Thus, it is not clear that Plaintiff, to state a prima face case, needs to set forth facts that he was performing satisfactorily.  Even if this is a required element, however, Plaintiff has met his summary judgment burden in this regard.  Defendant argues that

"at the time of Plaintiff's termination, Plaintiff was not performing satisfactorily as he was found to have engaged in work misconduct . . . . Consequently, Plaintiff cannot show that he was satisfactorily performing his job." Mot. 6:24-28. Plaintiff, for his part, contends that to the contrary, evidence indicates "he was an excellent, good, hard working, conscientious loyal performer who always went out of his way to volunteer to assist the team and cared about his job and the cases he worked on." Opp'n 5:8-18; Pl.'s Statement of Genuine Issues ¶ 3 (citing Axel Depo. 92:15-21, 95:18-96:1; Fisher Depo. 7:5-8, 85:7-6; Lalor Depo. 89:15-23; Zegel Depo. 10:11-23). The mere fact that Defendant has produced evidence it says indicates Plaintiff's misconduct is insufficient to show, as a matter of law, that Plaintiff has not met his prima facie burden.

Neither Plaintiff nor Defendant dispute that Plaintiff was employed by Defendant, nor that Defendant discharged Plaintiff; they each dispute the other's professed motivating reasons for the discharge with admissible evidence; and they each dispute the nature of Plaintiff's injury. Accordingly, Plaintiff has met his burden of a prima facie showing sufficient to survive the first step of the summary judgment test.

ii. *Has defendant met its burden of showing its actions were based on legitimate reasons?*

6

Defendant has presented sufficient evidence to support its claims that Plaintiff's termination was a result of his failure to abide by company policy. See Def.'s Proposed Separate Statement of Uncontroverted Facts and Conclusions of Law ¶¶ 3-16. These proffered reasons, because they are "nondiscriminatory on their face," suffice to shift the burden back to Plaintiff. See Kariotis v. Navistar Intern. Transp. Corp., 131 F.3d 672, 676 (7th Cir. 1997).

              iii.  *Has plaintiff raised a triable issue of fact over it being pretextual?*

"To avoid summary judgment, an employee claiming discrimination must offer substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination." Hersant v. Dep't of Soc. Servs., 57 Cal. App. 4th 997, 1004-05 (1997). Plaintiff has offered a litany of statements and other indicators allegedly made by his superiors that, if taken to be true, could lead to the determination that Defendant's proffered reason for terminating Plaintiff was pretextual and that Defendant actually terminated Plaintiff because of his disability. See, e.g., Gunchick Decl. ¶¶ 9-13, 15-19. Defendant, for its part, disputes that its agents ever made the alleged

7

statements.   While Defendant spends a substantial portion of the Motion emphasizing that Plaintiff's subjective belief in the reasons for his termination are irrelevant, Mot. 11:12-10, in fact, Defendant's emphasis on this point is misplaced.   The Court finds that Plaintiff's allegations of discriminatory statements and behaviors suffice to overcome the summary judgment motion, because while Plaintiff's credibility may be suspect, if he is believed, then a reasonable trier of fact could conclude that Defendant engaged in intentional discrimination.

      b.   <u>Partial Summary Judgment on Punitive Damages</u>

Cal. Civ. Code §3294 governs the availability of punitive damages in this action.   It states, in relevant part:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
>
> (b) An employer shall not be liable for damages pursuant to subdivision

(a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code §3294 .  Thus, Defendant can only be liable for punitive damages if it had advance knowledge of and conscious disregard for, or authorised or ratified, an act of oppression, fraud, or malice by one or more of its officers, directors or managing agents. Id.  Under California law, managing agents are "corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." White v. Ultramar, Inc., 21 Cal.4th 563, 566–67 (1999).  Corporate policies are

9

those that "affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership." <u>Roby v. McKesson Corp.</u>, 47 Cal.4th 686, 715 (2009).  This level of misdeed must be more than mere "managerial malfeasance"–it must be indicative of a "corporate purpose to cause injury." <u>Id.</u> at 797-98.

If a jury can reasonably infer that one of the agents named by Plaintiff is a managing agent of Defendant, a corporation, then the Court cannot find as a matter of law that punitive damages are unavailable. <u>See</u> <u>Mitri v. Walgreen Co.</u>, 566 F. App'x 606, 607 (9th Cir. 2014).  Defendant argues that "[a]t best, Plaintiff has only alleged conduct by supervisors" and that these "supervisors" cannot be deemed to be managing agents.  Mot. 12:3-12.  The "supervisors" in question include Ms. Axel, Mr. Fisher, and, and Mr. Lalor.  Ms. Axel, for example, is a Vice President by title who acts as a Human Resources Manager; she is the highest ranking human resources official for the 400 employees in her region.  Axel Depo. 114:7-20. California courts have held that regional managers of substantially fewer people can be managing agents for the purposes of § 3294 liability.  <u>See</u> <u>id.</u> (an employee occupying a position four levels before the president of a multinational corporation who had responsibility for a market including four states and made personnel decisions with apparent authority "that might implicate

10

company-wide policies" could have been found to have been a managing agent); <u>White v. Ultramar, Inc.</u>, 21 Cal.4th at 577 (1999)(a "zone manager" responsible for managing eight stores and sixty-five employees was a managing agent); <u>Major v. Western Home Ins. Co.</u>, 169 Cal.App.4th 1197, 1220 (2009) (a claims adjustor with responsibility for thirty-five employees and no day-to-day oversight was a managing agent); <u>Wysinger v. Auto. Club of S. Cal.</u>, 157 Cal.App.4th 413, 428-29 (2007) (a vice president of a geographically limited area of operations with substantial authority to make personnel decisions was a managing agent). As a result of these decisions, the Court cannot say that as a matter of law, no reasonable juror could find that the individuals in question acted as managing agents, officers, or directors of the Defendant. Accordingly, partial summary judgment on this issue is denied.

### III.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

**IT IS SO ORDERED.**

DATED: April 16, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge