UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY GUNCHICK, | ) | CV 14-1162 RSWL (PJWx) |
| | ) | |
| Plaintiff, | ) | **ORDER Re: PLAINTIFF'S MOTION IN LIMINE NO. 1 [72]; PLAINTIFF'S MOTION IN LIMINE NO. 2 [73]; PLAINTIFF'S MOTION IN LIMINE NO. 3 [74]** |
| v. | ) | |
| FEDERAL INSURANCE COMPANY; and DOES 1 through 20, inclusive, | ) | |
| Defendants. | ) | |

### I. INTRODUCTION

Currently before the Court is Plaintiff Jeffrey Gunchick's ("Plaintiff") Motion in Limine No. 1 to Exclude Any Evidence of Unemployment Insurance or Disability Benefits or Personal Injury Settlement or Workers' Compensation Benefits Received Under the Collateral Source Rule and Evidence Code Section 403

1

[72]; Plaintiff's Motion in Limine No. 2 to Exclude Any Evidence of Plaintiff's Prior Legal Claims and Lawsuits [73]; and Plaintiff's Motion in Limine No. 3 to Exclude or Limit the Use of Defendant's 2005 and 2007 Disciplinary Memos to Plaintiff [74]. The Court, having reviewed all papers and arguments submitted pertaining to these Motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court **DENIES** each of Plaintiff's Motions, subject to the limitations described below.

## II. DISCUSSION

A. **Plaintiff's Motion in Limine No. 1**

Plaintiff seeks to exclude evidence of Plaintiff's disability benefits, personal injury settlement, and workers' compensation benefits as an offset to Plaintiff's damages. Plaintiff argues that the collateral source rule, which "bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor," requires the Court to exclude evidence of Plaintiff's alternate sources of benefits. Pl.'s Mot. in Limine No. 1 ("Mot. 1") 3:5-18 (quoting <u>Davis v. Odeco, Inc.</u>, 18 F.3d 1237, 1243 (5th Cir. 1994). Plaintiff claims that this rule, as applied in California, means that his unemployment and disability payments do not offset any potential recovery from Defendant. Mot. 1 at 3:19-25 (citing <u>Hughes v. U.S. Foodservice, Inc.</u>, 168 Fed. Appx. 807,

810 (9th Cir. 2006).

Defendant argues that (1) evidence regarding the receipt and mount of income and benefits is admissible for purposes other than offsetting damages, including to explain Plaintiff's motives or to establish Plaintiff's credibility; (2) the income and benefits Plaintiff has received are attributable to Defendant and therefore the collateral source rule does not apply; and (3) the Court still has discretion to determine whether to allow the evidence to offset Plaintiff's claimed damages. See generally Opp'n.

First, while the collateral source rule may preclude use of certain evidence for purposes of calculating damages, it is admissible for other purposes, including establishing Plaintiff's motives and or credibility. See, e.g., Blake v. E. Thompson Petroleum Repair Co., 170 Cal. App. 832, 831 (1985). Accordingly, the Court finds this evidence admissible for these purposes.

Regarding the calculation of damages, it is as of now unclear what the source of each of the supplemental benefits is. The collateral source rule requires the compensation at issue to be "from a source wholly independent of the tortfeasor." Helfend v. Southern California Rapid Transit District, 2 Cal.3d 1, 6 (1970). Thus, benefits derived from a plaintiff's independent insurance policy are treated differently than benefits provided by or contributed to by an

3

employer.  See McLean v. Runyan, 222 F.3d 1150, 1156 (9th Cir. 2000).  Further, while collateral source payments may be excludable, the Court still has discretion to determine whether to deduct the amount from an award.  See Naton v. Bank of California, 649 F.2d 691, 699-700 (9th Cir. 1981).  Because the Court cannot fully determine at this juncture whether the numerous payments in question are truly collateral and because it may be appropriate after further factual development to offset Plaintiff's damages by amounts already recovered, the Court will use its discretion to determine whether to offset claimed lost earnings and benefits after evidence of the source of the payments has been presented at trial.  Accordingly, Plaintiff's Motion in Limine No. 1 is **DENIED**.

B.  **Plaintiff's Motion in Limine No. 2**

Plaintiff seeks to exclude the following from being admitted as evidence: (1) a demand letter and settlement communications, and a settlement agreement from a prior dispute with Defendant (2) all prior lawsuits and claims involving Plaintiff.  Plaintiff argues that the demand letter and settlement agreement are settlement communications that are inadmissible pursuant to Fed. R. Evid. 408.  Pl.'s Mot. in Limine No. 2 ("Mot. 2") 3:15-16.  Plaintiff seeks to exclude evidence of all other lawsuits on the grounds that they will be used as inadmissible character evidence to prove propensity for filing lawsuits.  Mot. 2 4:9-18.

4

Defendant argues that the demand letter and settlement agreement fall into the exception of Fed. R. Evid. 408(b), which permits the evidence to show prejudice, bias, or to question credibility. Opp'n 4:12-19. Additionally, Defendant argues that the evidence of Plaintiff's prior lawsuit is necessary to proving Defendant's affirmative defense of unclean hands. Opp'n 5:3-4.

Generally, compromise offers and negotiations are inadmissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. The demand letter and settlement agreement are clearly fall within Rule 408 and are therefore inadmissible to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). However, Rule 408 does not prohibit the use of settlement negotiations for the purposes other than liability or the amount of a claim. Fed. R. Evid. 408(b). The settlement documents are admissible under Fed. R. Evid. 408(b) to attack the credibility of plaintiff and for other related purposes. See Brocklesby v. United States, 767 F.2d 1288, 1292 (9th Cir. 1985). The documents are also admissible to prove Defendant's affirmative defense of unclean hands. See In re Medpoint Mgmt., 2015 Bankr. LEXIS 1125, at *21-*22 (Bankr. D. Ariz. Apr. 6, 2015). Thus, the Court

**DENIES** Plaintiff's Motion in Limine No. 2, subject to the following limitations: the evidence in question may be used for (1) attacking Plaintiff's credibility as a witness; and/or (2) proving Defendant's affirmative defense of unclean hands.

C.  **Plaintiff's Motion in Limine No. 3**

Plaintiff seeks to preclude the following statements from being admitted as evidence: (1) Defendants 2005 Memo Issued to Plaintiff. Motion in Limine No. 3 ("Mot. 3") 3:4-6; and (2) Defendants 2007 Memo Issued to Plaintiff, Mot. 3 3:10-14. Plaintiff argues that the 2005 and 2007 memos (collectively "memos") are inadmissible hearsay pursuant to Fed. R. Evid. 802. Mot. 3:16-26. Plaintiff also contends that the memos are inadmissible character evidence in violation of Fed. R. Evid. 404(b) because Plaintiff argues that the memos will be used to prove propensity. Mot. 4:4-15.

Defendant argues that the memos are admissible hearsay because they fall under the business records exception pursuant to Fed. R. Evid. 803(6). Opp'n 3:23-24. Alternatively, Defendant argues the memos should be admissible as non-hearsay because they can be used to prove, not the truth of the matter, but to show what the decision makers relied on to reach the decision to terminate Plaintiff. Id. 4:25-5:2. Lastly, Defendant contends that the memos are admissible to impeach the Plaintiff as a witness. Id.

6:18-20.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The memos are out-of-court statements. If Defendant offers them to prove the truth of the matter asserted in the memos, the memos are hearsay. See Fed. R. Evid. 801(c). Federal Rule of Evidence 803(6) provides an exception to the ban on hearsay. Records are admissible hearsay if it meets the following 5 elements:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Here, Defendant contends that Defendant will be able to satisfy all of these elements at trial. Opp'n. 4:5-7. Memoranda regarding disciplinary action have been found to fit under the business records exception to hearsay. See Knighten v. Omni Hotel, 2013 U.S. Dist. LEXIS 122927, at *30 (N.D. Cal. Aug. 28, 2013) (finding that suspension notices, performance reviews, and work improvement plans fell within the business records exception to hearsay). The Court therefore **DENIES** Plaintiff's Motion in Limine No. 3 and will permit Defendant the opportunity to show at trial that the memos fall within the business records exception.

**IT IS SO ORDERED.**

DATED: April 20, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge