**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY GUNCHICK, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY; and DOES 1 through 20, inclusive, <br><br> Defendants. | CV 14-1162 RSWL (PJWx) <br><br> **ORDER Re: DEFENDANT FIC'S MOTIONS IN LIMINE NOS. 1-12** |

## I. INTRODUCTION

Currently before the Court are Defendant Federal Insurance Company's ("Defendant" or "FIC") Motions in Limine Nos. 1-12. Having reviewed the arguments pertaining to each Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** The Court

1

1. **DENIES** Defendant's Motion in Limine No. 1 [59] to Exclude Evidence of or References to Stray Remarks
2. **GRANTS** Defendant's Motion in Limine No. 2 [60] to Exclude Improper Comparator Evidence of Employees Not Similarly Situated with Plaintiff
3. **VACATES AS MOOT** Defendant's Motion in Limine No. 3 [61] for an Order Offsetting Disability Related Payments
4. **DENIES** Defendant's Motion in Limine No. 4 [62] to Exclude All Evidence of Or Testimony Relating to Claims or Causes of Action that are not at Issue at the Time of Trial
5. **GRANTS** Defendant's Motion in Limine No. 5 [63] to Quash Plaintiff's Anticipated Trial Subpoenas and/or Exclude Testimony of Drs. William H. Mouradian and Michael Blumenfield
6. **GRANTS** Defendant's Motion in Limine No. 6 [64] to Quash Plaintiff's Anticipated Trial Subpoena and/or Exclude Testimony of Federal Insurance Company's Custodian of Records
7. **DENIES** Defendant's Motion in Limine No. 7 [65] to Exclude Improper Lay Opinions, Speculation, or Conclusions Regarding Personnel Actions Taken Against Plaintiff
8. **DENIES** Defendant's Motion in Limine No. 8 [66] to Preclude the Use of the Terms and Phrases "Discrimination," "Retaliation," "Harassment," etc.
9. **GRANTS** Defendant's Motion in Limine No. 9 [67] to

Exclude Evidence of or References to Plaintiff's Alleged Complaint of Sexual Harassment in 2005

10. **DENIES** Defendant's Motion in Limine No. 10 [68] to Exclude all Evidence and Testimony Regarding Speculative Economic Damages

11. **GRANTS** Defendant's Motion in Limine No. 11 [69] to Bifurcate Trial Pursuant to Fed. R. Civ. Proc. 42(b)

12. **GRANTS** Defendant's Motion in Limine No. 12 [70] to Exclude Evidence Concerning Defendant's Financial Worth or Condition

all subject to the limitations described below.

## II. DISCUSSION

1. **Defendant's Motion in Limine No. 1**

Defendant FIC seeks to preclude the following statements, allegedly made by non-decisionmakers, from being admitted as evidence:

- On April 25, 2011, Zegel and Fisher met with Plaintiff. Zegel told Plaintiff that neither she nor Fisher nor anyone else at FIC wanted to hear about Plaintiff's physical pain, medical information, or inability to complete his heavy work load with his modified work schedule due to his disability. (03/04/2015 Declaration of Jeffrey Gunchick "(Gunchick MSJ Decl."), ¶ 10, this Court's Docket Document ("Dkt. Doc.") # 31, p. 5); Motion in Limine no. 1.

3

- In April or May 2011, Plaintiff helped Fisher move Plaintiff's files and exacerbated his lower back and neck pain, so he asked Fisher to let him take the rest of the day off using accrued vacation time. Fisher said, "No you don't! That is what your afternoons are for!" (Gunchick MSJ Decl., ¶ 12, Dkt. Doc. # 31, p. 6); Motion in Limine no. 1.

- At a May 12, 2011 meeting with Zegel and Fisher, Zegel in a loud and angry voice repeatedly told Plaintiff that he was not allowed to tell anyone at FIC including Zegel and Fisher verbally or in writing ever again that he suffered from physical pain and could not complete his workload with his modified work schedule or he would be subject to immediate termination from employment, repeatedly asking Plaintiff if she had made herself clear and if Plaintiff had understood her. (Gunchick MSJ Decl., ¶ 13, Dkt. Doc. # 31, p. 6); Motion in Limine no. 1.

- On at least 15 occasions from September through December 2011, Fisher complained to Plaintiff that everyone else in the department had to "pick up your slack" while he was working on a modified 4 hour work schedule due to his disability. (Gunchick MSJ Decl., ¶¶ 15, 28, Dkt. Doc. # 31, pp. 7, 10); Motion in Limine no. 1.

1
2  • On September 19, 2011, Fisher told Plaintiff that
3    he was to meet with Fisher, Zegel and Axel the next
4    day. Plaintiff told Fisher he felt very
5    uncomfortable and afraid to hear what would happen
6    next, and Fisher replied, "It's not fear. It's just
7    that you have a lot of issues." (Gunchick MSJ
8    Decl., ¶ 16, Dkt. Doc. # 31, p. 7); Motion in
9    Limine no. 1.

10
11 • On November 3, 2011, Axel told Plaintiff that Zegel
12   and Fisher had stated that others were having to do
13   additional work due to Plaintiff's modified four
14   hour work schedule to his disability. (Gunchick MSJ
15   Decl., ¶ 20, Dkt. Doc. # 31, p. 8); Motion in
16   Limine no. 1.

17
18 • On November 15, 2011, Fisher told Plaintiff he was
19   "sick and tired of hearing about your frickin'
20   disability for the past frickin' year." By November
21   15, 2011, Fisher had told Plaintiff this on at
22   least 7 occasions. (Gunchick MSJ Decl., ¶¶ 23, 29,
23   Dkt. Doc. # 31, pp. 9, 10); 12/22/2013 Complaint,
24   ¶¶ 15-16, Ex. A to Declaration of Elizabeth James
25   in support of Defendant's Petition and Notice of
26   Removal, Dkt. Doc. # 2, p. 12)); Motion in Limine
27   no. 1.
28

- On December 13, 2011, Plaintiff met with Fisher in Fisher's office and asked him about an e-mail Fisher sent him, and Fisher put his right index and middle fingers on his left wrist and replied in an angry raised voice, "I'm just checking to see if you've got a pulse or something going on up there." (Gunchick MSJ Decl., ¶¶ 25, 28; Dkt. Doc. # 31, p. 9, 10); 12/22/2013 Complaint, ¶¶ 15-16, Dkt. Doc. # 2, p. 12.); Motion in Limine no. 1.

Defendant argues that the above comments should be excluded from evidence because they are irrelevant according to Fed. R. Evid. 402, inadmissible character evidence pursuant to Fed. R. Evid. 404(b), and unduly prejudicial per Fed. R. Evid. 403.  Def.'s Mot. in Limine No. 1 ("Mot. 1") 6:11-9:22.

Plaintiff contends that the above comments are relevant because they "tend to make it more likely than not Fisher and Zengel harbored discriminatory animus toward Plaintiff, which led to their issuing discipline relied on as a basis to terminate Plaintiff's employment."  Opposition ("Opp'n.") 2:18-21.

"'[S]tray' remarks are insufficient to establish discrimination."  Merrick v. Farmers Ins. Grp., 892 F.2d 1434, 1438 (9th Cir. 1990).  Comments are not "stray remarks" if they were said by people in the decision making process and directly related to the termination decision.  <u>Desimone v. Allstate Ins. Co.</u>,

6

1999 U.S. Dist. LEXIS 20059, at *40-*41 (N.D. Cal. Sept. 14, 1999).

Here, the comments were all said by Zengel or Fisher.  While Lalor, Axel, and Braitling made the final decision to terminate Plaintiff, Zengel and Fisher were Plaintiff's direct supervisors and their opinions and/or recommendations may have been relevant to the decision to terminate Plaintiff.  03/02/15 Gunchick Declaration ("Pl. Decl.") ¶ 27, ECF. 90; Ex. A to Freiman Decl., Karen Axel Deposition ("Axel Depo.") 11:16-12:2, ECF 90.  The alleged consistency of the statements by Plaintiff's direct supervisors indicates that these statements may have been acted upon and thus may not have been "stray remarks" irrelevant to the decision to terminate Plaintiff.  See, e.g., Mondero v. Salt River Project, 400 F.3d 1207, 1213 (9th Cir. 2005) ("An agent's biased remarks against an employee . . . are admissible to show an employer's discriminatory animus if the agent was involved in the employment decision."); Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir.1998).

Accordingly, the Court finds that the remarks described above are not excludable as stray remarks. The Court thus **DENIES** Defendant's Motion in Limine No. 1.

2. **Defendant's Motion in Limine No. 2**

Defendant seeks to exclude evidence of instances

7

where other employees engaged in conduct which violated Defendant's Code of Business Conduct, such as evidence of other employees yelling and exhibiting disrespectful behavior, because Defendant believes that the evidence Plaintiff wishes to introduce includes statements made by people in positions dissimilar to Plaintiff's. Def.'s Mot. in Limine No. 2. 5:1-10. Plaintiff argues simply that the statements are relevant pursuant to Fed. R. Evid. 401 because "the statements tend to make it more likely than not Fisher and Zegal Harbored discriminatory animus toward Plaintiff, which led to their issuing discipline relied on as a basis to terminate Plaintiff's employment." Opp'n 2:15-18.

In a discrimination claim, in order for evidence of allegedly similar treatment to be admissible as relevant to proving or disproving a fact of consequence, "a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." <u>Okoye v. Univ. of Texas Houston Health Science Ctr.</u>, 245 F.3d 507 (5th Cir. 2001) (internal punctuation and citations omitted). Plaintiff's Opposition cites to no authority that indicates individuals in supervisory positions are "similarly situated" sufficient to serve as a comparison for behavior. The Court finds that the individuals who

exhibited the conduct that is the subject of this motion—i.e., those individuals Plaintiff believes to have violated Defendant's Code of Business conduct, are not sufficiently similarly situated to Plaintiff for their remarks to be admissible.  Accordingly, evidence of this conduct is inadmissible for attempting to prove disparate treatment and Defendant's Motion is **GRANTED**.

3.  **Defendant's Motion in Limine No. 3**

Defendant seeks an Order requiring that evidence of at least $314,312.99 in payments made to Plaintiff, including disability, unemployment, and workers compensation benefits, be used to to offset Plaintiff's damages.  Defendant argues that these payments are not subject to the collateral source rule.  See generally Def.'s Mot. in Limine No. 3.  The Court has already ruled that it will use its discretion to determine whether to offset claimed lost earnings and benefits after evidence of the source of the payments has been presented at trial.  See Order re: Pl.'s Motion in Limine No. 1-3.  Accordingly, Defendant's Motion in Limine No. 3 is **VACATED AS MOOT**.

4.  **Defendant's Motion in Limine No. 4**

Defendant seeks to preclude Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from making any comments relating to misconduct not alleged in the operative Complaint.  Defendant argues that Plaintiff

9

failed to amend his complaint to allege new claims or causes of action that were not alleged in the operative Complaint. Def.'s Mot. in Limine No. 4 ("Mot. 4") 2:8-23. While it is true that Plaintiff's evidence presented at trial must be limited to the claims and issues raised in his operative complaint, that does not mean that Plaintiff's evidence must have been wholly covered by the complaint. Defendant's Motion No. 4 is excessively broad in attempting to preclude *evidence* and not simply new claims. To the extent that Plaintiff, his counsel, or his witnesses attempt to raise new *claims* (e.g., failure to accommodate) at trial, Defendant may do so. Thus, Defendant's Motion in Limine No. 4 is **DENIED.**

**5.     Defendant's Motion in Limine No. 5**

Defendant seeks an order quashing the anticipated trial subpoenas and/or excluding the testimony of Dr. William H. Mouradian and Michael Blumenfield on the grounds that Plaintiff failed to disclose these witnesses in his requisite initial or supplemental Rule 26 disclosures. Rule 26 "excludes evidence from an untimely disclosed witness unless 'the parties failure to disclose the required information is substantially justified or harmless." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2006) (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 26 requires

a party to provide to the opposing party "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

Plaintiff did not disclose that it would call either Mouradian or Blumenfield in its Rule 26 disclosure. Plaintiff argues that it disclosed that it would rely on "any and all medical providers seen by Plaintiff related to his employment with Defendant." Opp'n 2:7-10 (quoting Decl. of Michael J. Freiman ¶ 3). Plaintiff also claims that this information was discoverable and that Defendant had notice that Plaintiff was seen by Dr. Mouridian "as Plaintiff provided Defendant with a note from Dr. Mouridian during his employment with Defendant." Id. at 2:12-20.

"[T]he mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial." Rule 26 is clear in its requirement that each party list with specific information anyone a party may use to support its claims or defenses. Plaintiff is in clear violation of this rule, and offers no substantial justification for its failure. Further, Plaintiff's argument that the doctors are merely "percipient

11

witnesses testifying about their involvement in the events leading up to the termination" and are not experts does not establish that the failure to disclose them pursuant to Rule 26 was harmless.  To the contrary, it establishes that the failure to disclose may have precluded Defendant from deposing witnesses with valuable information.

Furthermore, Plaintiff argues that he "intends to call Dr. Mouradian to authenticate and verify his note stating Plaintiff was still under a four hour per day work restriction" and that he "intends to call Dr. Blumenfield to authenticate and verify his  fitness for duty evaluation, which provides evidence that Plaintiff was competent to perform his job and instructed Defendant to further accommodate Plaintiff's disability in close proximity to Defendant's terminating Plaintiff."  Opp'n 2:21-5:3.  The question of accommodation, however, is not at issue where Plaintiff has only claimed wrongful termination in violation of public policy.  Accordingly, Defendant's Motion in Limine No. 5 is **GRANTED** and the Court will exclude the testimony of Dr. William H. Mouradian and Dr. Michael Blumenfield.

6.   **Defendant's Motion in Limine No. 6**

Defendant seeks an order to quash anticipated trial subpoenas and to exclude testimony of FIC's Custodian of Records.  The Court has already granted Defendant's

request to quash the subpoena of FIC's Custodian of Records/Person Most Knowledgeable via its Order re Defendant's *Ex Parte* Application to Quash Trial Subpoenas of Person Most Knowledgeable Regarding Defendant's Financial Condition and Custodian of Records [115]. See Dkt. No. 115. Accordingly, Defendant's Motion in Limine No. 6 is **GRANTED** and the trial subpoena issued by Plaintiff Jeffrey Gunchick ordering the Custodian of Records/Person Most Knowledgeable shall be quashed.

7. **Defendant's Motion in Limine No. 7**

Defendant seeks to preclude Plaintiff, his counsel and any witness they may call or examine, from presenting improper lay opinions, speculation, or conclusions regarding any personnel actions taken against Plaintiff. Defendant argues that Plaintiff "will attempt to introduce the thoughts, feelings, opinions and other similar and related testimony of current and former employees of FIC and other individuals to establish the appearance of impropriety on the part of [Defendant]. Def.'s Mot. in Limine No. 7 ("Mot. 7"). While it is true that Plaintiff's evidence presented at trial must not include improper lay opinions, speculation, or conclusions regarding any personnel actions taken against Plaintiff, the Court finds Defendant's concerns too speculative to be ruled on at this point. To the extent that Plaintiff, his

counsel, or his witnesses attempt to present improper lay opinions, speculation, or conclusions, Defendant may object to them as such. Thus, Defendant's Motion in Limine No. 7 is **DENIED.**

8. **Defendant's Motion in Limine No. 8**

Defendant seeks to preclude Plaintiff, along with his counsel and witnesses, from the use of the terms/phrases "discrimination," "retaliation," "harassment," "refusal to accommodate," "failure to accommodate," "failure to engage in the interactive process," "false and pretextual reason," or any substantially similar and related terms/phrases in examining witnesses. While it is true that Plaintiff's evidence presented at trial must not include improper legal characterizations, the Court finds Defendant's concerns too speculative to be ruled on at this point. To the extent that Plaintiff, his counsel, or his witnesses use the above-discussed language to present an improper legal conclusion, Defendant may object to their use at trial. Accordingly, Defendant's Motion in Limine No. 8 is **DENIED.**

9. **Defendant's Motion in Limine No. 9**

Defendant seeks to exclude evidence of or references to Plaintiff's alleged complaint of sexual harassment against Cindy Zegel made in 2005. Defendant argues that Plaintiff's claim for wrongful termination

in violation of public policy relies on Plaintiff's belief that he was terminated on account of his disability, not for any other reason, and as such, "any alleged conduct unrelated to Plaintiff's termination and his disability is simply not probative of any issue in this case." Def.'s Mot. in Limine No. 9 ("Mot. 9") 3:8-25. Defendant argues that the introduction of this evidence "will only create a side-show that has nothing to do with Plaintiff's wrongful termination claim premised on his disability." Id. at 4:10-13.

Plaintiff claims that this alleged complaint is relevant to Zegel's credibility as a trial witness, "as the complaint may have caused her to become biased against Plaintiff." While Plaintiff cites to general evidence that the existence of a romantic relationship between a witness and a party may be a proper area of inquiry, it does not establish that a sexual harassment claim Plaintiff allegedly made against a non-decisionmaker years ago is relevant to whether or not the decisionmakers at the Defendant corporation dismissed Plaintiff as a result of his disability. Courts regularly exclude harassment issues that do not appear to have a causal link to the operative claim. See Tennison v. Circus Enterprises, Inc., 244 F.3d 684, 689-90 (9th Cir. 2001) (where evidence of alleged harassment would result in a "mini-trial" regarding irrelevant individuals and claims, motion in limine was proper); Kelly v. Boeing Petroleum Servs., Inc., 61

F.3d 350, 357-360 (5th Cir. 1995) (motion in limine to exclude "alleged discriminatory or bigoted acts or statements regarding race, sex and other categories besides handicap or disability" was correctly granted because of the "tenuous relationship" between the types of discrimination"). Accordingly, Defendant's Motion in Limine No. 9 is **GRANTED** and references to Plaintiff's alleged complaint of sexual harassment in 2005 shall be excluded.

10. **Defendant's Motion in Limine No. 10**

Defendant seeks to exclude "evidence and testimony regarding or relating to speculative, non-existent economic damages such as those speculated upon by Plaintiff in his discovery responses." Def.'s Mot. in Limine No. 10 ("Mot. 10") 2:18-21. While it is true that Plaintiff's evidence presented at trial must not include speculative and/or non-existent economic damages, the Court finds Defendant's concerns too speculative to be ruled on at this point. To the extent that Plaintiff, his counsel, or his witnesses attempt to use improper evidence to establish damages, Defendant may object to their use during the course of trial. Accordingly, Defendant's Motion in Limine No. 10 is **DENIED.**

11. **Defendant's Motion in Limine No. 11**

Defendant has sought to bifurcate the trial into

liability and damages phases. The Court granted this request in its Final Pretrial Conference Order. See Dkt. No. 116. Accordingly, Defendant's Motion in Limine No. 11 is **GRANTED** and the trial shall be bifurcated into liability and damages phases.

12. **Defendant's Motion in Limine No. 12**

Defendant seeks to prevent Plaintiff, his witnesses, and his counsel from making any reference to Defendant's "putative wealth until such time as Plaintiff has met his burden of establishing malice, oppression or fraud sufficient to enable the trier of fact to contemplate an award of punitive damages." Def.'s Mot. in Limine No. 12 ("Mot. 12") 3:20-23. Plaintiff has filed a Notice of Non-Opposition to Defendant's Motion in Limine No. 12 [92]. Accordingly, Defendant's Motion is **GRANTED**. Plaintiff, his counsel, and his witness are ordered not to make any reference to Defendant's putative wealth until such time as Plaintiff has met his burden of establishing malice, oppression or fraud sufficient to enable the trier of fact to contemplate an award of punitive damages.

**IT IS SO ORDERED.**

DATED: April 20, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

17