UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY GUNCHICK,                          )   CV 14-1162 RSWL (PJWx)
                                           )
                    Plaintiff,             )   **ORDER Re: DEFENDANT**
                                           )   **FIC'S MOTION FOR**
                                           )   **DISCRETIONARY COSTS**
        v.                                 )   [165]
                                           )
                                           )
FEDERAL INSURANCE COMPANY;                 )
and DOES 1 through 20,                     )
inclusive,                                 )
                                           )
                    Defendants.            )
                                           )
                                           )
                                           )
                                           )
                                           )
_____   )

        Currently before the Court is Defendant Federal
Insurance Company's ("Defendant" or "FIC") Motion for
Discretionary Costs.  Having reviewed the arguments
pertaining this Motion, the Court **NOW FINDS AND RULES**
**AS FOLLOWS:** The Court **DENIES** Defendant's Motion.

## **DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) controls the award of costs. Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) provides that "costs shall be allowed to the prevailing party unless a federal statute, the rules, or a court directs otherwise." San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys., 568 F.3d 725, 741 (9th Cir. 2009). "[A] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir. 1977). While the prevailing party is entitled to taxable costs other than attorneys' fees, these costs are limited to the categories listed in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987); see also L.R. 54–3 (listing categories of taxable costs).

If a prevailing party files a Motion for an award of costs not governed by F.R.C.P. 54(d), these additional costs may be items taxable as costs under Local Rule 54-3. See C.D. Cal. R. 54-3 (listing categories of taxable costs). If a district court exercises its discretion to refuse to award costs, it must specify reasons for the denial. Subscription Television, Inc. v. S. Cal. Theatre Owners' Ass'n, 576 F.2d 230, 234 (9th Cir. 1978). Here, Defendant has applied for taxation of three discretionary costs not governed by Federal Rule of Civil Procedure 54: costs

for reporter's transcripts; a videotaped deposition;
and demonstrative aids used at trial.

**A.   Reporter's Transcript**

Defendant FIC seeks a total of $6,562.92 for
reporter's transcripts.  Mot. 3:3-4 (citing Tagarao
Decl., ¶ 2).  Accordingly, Defendant seeks fees as
follows:

Lisa M. Gonzalez:      4/21/2015 AM, 4/22/2015 AM,
                       4/23/2015 PM ($2,907.96)
Debra Read:            4/23/2015 AM – 4/24/2015 AM
                       ($2,268.30)
Laura N. Elias:        4/21/2015 PM – 4/22/2015 PM
                       ($1,386.66)

Local Rule 54-3.4 states that a prevailing party
can collect "[t]he cost of the original and one copy of
all or any part of a trial transcript, a daily
transcript, or a transcript of matters occurring before
or after trial, if requested by the Court or prepared
pursuant to stipulation."  C.D. Cal. R. 54-3.4.  There
is a general presumption to deny awards of costs for
transcripts when they are not created through a court
order or a stipulation; however, exceptions can be made
"if the case is complex and the transcripts proved
invaluable to both the counsel and the court."
Andresen v. Int'l Paper Co., No. 2:13-cv-02079, 2015 WL
3648972, at *6-7 (C.D. Cal. Jun. 10, 2015) (quoting
Dowd v. City of Los Angeles, 28 F. Supp. 2d 1019, 1049
(C.D. Cal. 2014)).  In order to determine whether

transcripts are invaluable, the Court may examine the
length of testimony, the complexity of the issues
litigated, and the overall length of trial. <u>Manildra
Milling Corp. v. Ogilvie Mills, Inc.</u>, 76 F.3d 1178,
1184 (citing <u>Manildra Milling Corp v. Ogilvie Mills,
Inc.</u>, 878 F. Supp 1427 (D.Kan. 1995)); <u>see also</u> <u>Maris
Distrib. Co. v. Anheyser-Busch, Inc.</u>, 302 F.3d 1027,
1225-26 (11th Cir. 2002) (holding that a trial's length
and complexity usually carry a significant amount of
weight when determining whether daily transcripts are
"necessary" or merely for a party's convenience).

    Here, no court order or stipulation mandated the
preparation of the trial transcript; instead it was
prepared for Defendant's convenience in highlighting
what it describes as Plaintiff's "inconsistent" and
"evasive" testimony.  Reply 2:18-21.  This trial over
Plaintiff's claim of employment discrimination was
neither particularly complex, nor, at five days,
lengthy.  While Defendant argues that the transcripts
were in fact "invaluable" in preparing its closing
argument, courts have distinguished between this mere
convenience and actual necessity arising from extremely
technical or lengthy trials.  <u>See</u> <u>Andresen</u>, 2015 WL
3648972 at *6-7; <u>see also</u> <u>Stimmel v. Morales</u>, 2013 WL
6174684, at *1 (E.D. Cal. Oct. 30, 2013) (holding that
daily transcripts were unnecessary because the four day
trial was not complex or lengthy and because the daily
transcripts primarily served to convenience the

4

parties); but see Dowd v. City of Los Angeles, 28 F.
Supp. 3d 1019, 1049 (C.D. Cal. 2014)(daily transcripts
found to be invaluable and critical to the Court's
management of the legislation as the Court required the
parties to cite to specific piece of testimony when
making evidentiary objections and arguing the proposed
jury instructions); United States v. Atchinson, Topeka
& Santa Fe Ry. Co., 2010 WL 2850907 (E.D. Cal. July 19,
2010) (daily transcripts found to be invaluable and
costs incurred should be awarded in light of the
complexity and length of the trial as the trial lasted
twenty seven days, had dozens of witnesses, hundreds of
exhibits, and extremely complex scientific testimony
given by experts).  Accordingly, Defendant has not
overcome the presumption that these transcripts,
because they were neither stipulated to nor ordered by
the Court, should not be taxable.

**B.   Video Deposition**

     Defendant seeks a total of $1,640.00 for
Plaintiff's video deposition.  Mot. at 5.  It is
noteworthy that Defendant recorded Plaintiff's
deposition both stenographically and videographically.
Local Rule 54-3.5 provides that costs incurred while
taking oral depositions are taxable; however, this
provision does not "includ[e] the cost of video taping
or recording depositions unless otherwise ordered by
the court."  C.D. Cal. R. 54-3.5.  In spite of this
local rule, Defendant argues that 28 U.S.C. § 1920(2)

implicitly permits taxation of the cost of video depositions if they are necessarily obtained for use in the case. Def.'s Reply 4:14-18 (citing <u>Little Mitsubishi Motors N. Am., Inc.</u>, 514 F.3d 699, 702 (7th Cir. 2008). Even if this were the rule, however, the Court doubts that the video deposition was necessarily obtained given that Defendant likely could have highlighted–and did in fact highlight–inconsistencies in Plaintiff's testimony through paper deposition transcripts, which are taxable pursuant to Rule 54-3.5. Indeed, as discussed above, Defendant cites this very purpose in arguing that its transcript costs should be deemed taxable. In the same vein, the Court in <u>Yeager v. Bowlin</u>, 2010 U.S. Dist. LEXIS 24537, at *6-7 (E.D. Cal. Feb. 25, 2010), determined that for the purposes of awarding costs, a video deposition was not necessary when impeachment could have been conducted with a printed transcript. This Court finds similarly with respect to Defendant's request.

**C. Demonstrative Aids**

Defendant seeks an additional $21,031.25 for graphical presentations used at trial–namely, slides it prepared for its closing argument. Tagarao Decl., ¶ 4. Pursuant to Local Rule 54-3.12, upon order of the court, maps, charts, and other demonstratives reasonably necessary to assist the jury or the court in understanding issues at trial may be taxed as costs. C.D. Cal. R. 54-3.12. 28 U.S.C. § 1920(4) provides

that a court can tax costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(4).  Here, Defendant has failed to justify how digital copies of exhibits amounting to $21,035.25 were necessary. Defendant used these digital images in a slide show during its closing argument; however, as Plaintiff points out, forty-eight of the fifty slides were merely enlarged copies of exhibits already entered into evidence, and the other two were simple slides that do not seem to justify their high price tag.  Defendant does not sufficiently explain the necessity of the enlargement that would justify over $20,000 in costs. These slides did not contain complicated or technical information, diagrams, or blueprints for the jury's understanding.  Accordingly, the Court opts not to award costs for these demonstratives.  Defendant's Motion for Discretionary Costs is therefore **DENIED** in its entirety.

  **IT IS SO ORDERED.**

DATED: July 17, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge